UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JACK J. MINICONE, JR..

                Petitioner,

    v.                                    5:89-CR-173(HGM)

UNITED STATES OF AMERICA,

                Respondent,
_____

APPEARANCES:                                  OF COUNSEL:

JACK J. MINICONE, JR.
Reg. No. 03100-052
Petitioner *pro se*
F.C.I Loretto
P.O. Box 1000
Loretto, PA 15940

GLEN T. SUDDABY                      EDWARD R. BROTON
United States Attorney for the          ASSISTANT U.S. ATTORNEY
Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13216-7198

HOWARD G. MUNSON, SR. J.

MEMORANDUM DECISION AND ORDER

       Petitioner *pro se* brought this proceeding pursuant to 28 U.S.C. § 2255. He now moves presumably under Federal Rule of Federal Procedure 60(b)(6), for reconsideration of the order by this court of January 26, 2007, denying Petitioner's motion for a sentence reduction under 18 U.S.C § 3582(c)(2), and the retroactive application of Amendment 591 to the United States

Sentencing Guidelines. ("U.S.S.G.").

Motions for reconsideration are committed to the discretion of the district court. McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir.1983). The standard for a motion for reconsideration is strict. Yankelevitz v. Cornell University, 1997 WL 115651 at *2 (S.D.N.Y.) (a motion for reconsideration "is not a mechanism to allow parties to relitigate contentions and arguments already briefed, considered and decided."). The court must reconsider its rulings only where it has "overlooked controlling decisions or factual matters put before it on the underlying motion," In re New York Asbestos Litigation, 847 F. Supp. 1086, 1141 (S.D.N.Y.1994), and which, had they been considered, "might reasonably have altered the result before the court." Consolidated Gold Fields v. Anglo American Corp., 713 F. Supp. 1457, 1476 (S.D.N.Y.1989). A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." United States v. International Brotherhood of Teamsters, 247 F.3d 370, 391 (2d Cir.2001).

In his reconsideration motion, Petitioner claims that 1995 changes in New York State Penal Law § 125.27 now includes the type of murder he committed of the murder he committed, and since New York Penal Law § 125.25 does not include premeditation and malice aforethought, now federal first degree murder is not the most analogous federal offense. Therefore, he should be re-sentenced to the applicable U.S.S.G. § 2A1.2.

One of the underlying racketeering acts for which Petitioner was found guilty was second-degree murder under New York Penal Law § 125.25. The U.S.S.G required this district court to apply the base offense level for the "analogous federal offense" in order to calculate Petitioner's base offense level for the murder of Albert Marrone. U.S.S.G. § 2E1.1, appl. n. 2 ("If the underlying conduct violates state law, the offense level corresponding to the most

analogous federal offense is to be used."). Petitioner argues that because second-degree murder under New York law requires only that he "unlawfully, intentionally and knowingly" murdered Marrone, the "analogous federal offense" could not be first-degree murder, since that requires a finding of "malice aforethought," see 18 U.S.C. § 1111(a). However, in United States v. Carr, 424 F,3d 213, 231(2d Cir. 2005), *cert. denied,* 546 U.S. 1221, 126 S. Ct. 1447, 164 L. Ed.2d 145 (2006), the Second Circuit made clear in considering a virtually identical challenge in United States v. Minicone, 960 F.2d 1099 (2d Cir.), *cert. denied*, 503 U.S. 950, 112 S. Ct. 1511, 117 L. Ed.2d 648 (1992), that "the district court did not err in concluding that the most analogous federal offense to the New York offense of second degree murder, was first degree murder under 18 U.S.C. § 1111," id. at 1110. [T]he absence of reference to premeditation or malice aforethought in the state law, does not mean that federal first degree murder is not the most analogous federal offense." United States v. Diaz, 176 F.3d 52, 123 (2d Cir.), *cert. denied sub nom*. Rivera v. United States, 528 U.S. 875, 120 S. Ct. 181, 145 L. Ed.2d 153 (1999). Therefore, Petitioner's argument in this regard is without merit.

 Accordingly, Petitioner's reconsideration motion is **DENIED**

 Dated: August 31, 2007
   Syracuse, New York

          */s/ Howard G. Munson*
          Howard G. Munson
          Senior U.S. District Judge